**NOT FOR PUBLICATION**

**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

ELIAS NYSTROM,

           Plaintiff - Appellant,

    v.

KHANA MARINE LTD.; NOK CO. LTD.
SA, in personam,

           Defendants - Appellees.

No. 24-2553

D.C. No.
3:20-cv-00098-JMK

MEMORANDUM[*]

Appeal from the United States District Court
for the District of Alaska
Joshua M. Kindred, District Judge, Presiding

Argued and Submitted August 13, 2025
Anchorage, Alaska

Before: GRABER, OWENS, and R. NELSON, Circuit Judges.

Elias Nystrom slipped and injured his shoulder while moving frozen cargo

aboard a vessel in Dutch Harbor, Alaska. He brought this maritime negligence

action against the vessel's owners (Defendants) under the Longshore and Harbor

Workers' Compensation Act, 33 U.S.C. § 905(b). The district court granted partial

summary judgment to Defendants on Nystrom's turnover claim and, after a bench

---

    [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

trial, entered judgment for Defendants on his active control claim. We have jurisdiction under 28 U.S.C. § 1291, and we affirm.

1.     The district court correctly granted partial summary judgment to Defendants on Nystrom's turnover claim. "The turnover duty requires the ship owner to turn over the vessel to the stevedores in a safe condition and to warn them of any hidden hazards." *Christensen v. Ga.-Pac. Corp.*, 279 F.3d 807, 812 n.10 (9th Cir. 2002). The duty is temporally limited: it relates to the "condition of the ship upon the commencement of stevedoring operations." *Howlett v. Birkdale Shipping Co., S.A.*, 512 U.S. 92, 98 (1994). The turnover duty ends (and the active control duty begins) "once stevedoring operations have begun." *Id.*

Assuming that there is a factual dispute about the condition of Defendants' vessel when stevedoring operations began on the night of April 29, 2017, Nystrom still failed to present evidence refuting Defendants' showing that slippery conditions are not an unreasonable impediment to professional longshoremen in Dutch Harbor. *See Bjaranson v. Botelho Shipping Corp.*, 873 F.2d 1204, 1208 (9th Cir. 1989) ("[C]ertain dangers that may be hazardous to unskilled persons need not be remedied if an expert and experienced stevedore could safely work around them."). A declaration from Andrew Murphy, the president of Nystrom's employer, explained that the company's longshoremen "routinely work in icy and slippery conditions." Murphy also noted that the company's longshoremen are "experienced in these

conditions and trained to work safely around them." Nystrom offered no expert declaration or testimony establishing the standard of care, nor did he identify record evidence casting doubt on this aspect of Murphy's declaration and conclusions. *See* Fed. R. Civ. P. 56(c)(1). Defendants were therefore entitled to partial summary judgment on Nystrom's turnover claim. *See Nissan Fire & Marine Ins. v. Fritz Cos.*, 210 F.3d 1099, 1103 (9th Cir. 2000).

2. The district court did not err in denying Nystrom's active control claim. The active control duty "provides that a shipowner must exercise reasonable care to prevent injuries to longshoremen in areas that remain under the 'active control of the vessel.'" *Howlett*, 512 U.S. at 98 (quoting *Scindia Steam Nav. Co. v. De Los Santos*, 451 U.S. 156, 167 (1981)). Nystrom argues that the vessel's crew were negligent in removing ice from the cargo deck which, in his view, was under the vessel's active control during stevedoring operations. The district court, however, found "that the cargo deck in question was not covered in ice and there was no ice or slick condition beyond the usual conditions reasonably expected by [the company's] longshoremen in an open freezer hold exposed to the elements." Nystrom's contrary testimony was deemed not credible.

The district court's factual findings are not "illogical, implausible, or without support in inferences from the record." *Yu v. Idaho State Univ.*, 15 F.4th 1236, 1241–42 (9th Cir. 2021) (citation and internal quotation marks omitted). The district

3                                                                24-2553

court found more credible testimony from Joel Gumera, Nystrom's supervisor, who contradicted Nystrom's allegation that the vessel's crew were breaking ice on the cargo deck at the time of the incident. *See Kirola v. City & County of San Francisco*, 860 F.3d 1164, 1182 (9th Cir. 2017) (noting that a district court's credibility findings receive "special deference"). And, in any event, the crew's alleged actions were not the kind of substantial "control of cargo operations" implicating the active control duty. *See Quevedo v. Trans-Pac. Shipping, Inc.*, 143 F.3d 1255, 1260 (9th Cir. 1998).

**AFFIRMED.**